IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:02-CR-271-BO-1
5:14-CV-754-BO

| | |
|---|---|
| WILLIAM BERNDELL KEEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the Court on petitioner's motions to nullify the forfeiture order entered in his case [DE 21] and to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 22], and the government's motion to dismiss petitioner's § 2255 [DE 29]. All three motions are ripe for ruling. For the reasons stated herein, petitioner's motion to nullify the forfeiture order [DE 21] is DENIED, the government's motion to dismiss [DE 29] is GRANTED, and petitioner's motion to vacate, set aside, or correct sentence [DE 22] is DISMISSED.

## BACKGROUND

Petitioner William Berndell Keel was named in a six-count indictment filed in this Court on October 23, 2002, and charged with conspiracy to distribute at least fifty grams of cocaine base (crack) in violation of 21 U.S.C. § 846; two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); two counts of distribution of a quantity of crack in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). [DE 6]. The indictment also gave Mr. Keel notice that the government would seek forfeiture of gross proceeds of his illegal acts in the amount of at

least $500,000. [*Id.*]. Pursuant to a plea agreement, Mr. Keel entered a guilty plea to one count of conspiracy to distribute at least fifty grams of crack and one count of being a felon in possession of a firearm. [DE 8]. On January 29, 2003, the Court granted the government's motion for forfeiture in the amount of $500,000. [DE 10]. Approximately three months later, Mr. Keel was sentenced to a total term of imprisonment of 360 months followed by five years of supervised release. [DE 12]. Mr. Keel appealed neither his sentence nor his conviction nor did he challenge the government's motion for forfeiture. On October 20, 2014, over ten years after he was sentenced, Mr. Keel filed a motion challenging the forfeiture amount. [DE 21]. Fifteen days later, he filed a motion to vacate pursuant to 28 U.S.C. § 2255. [DE 22].

## DISCUSSION

At the outset, the Court must clarify Mr. Keel's requests for relief. In the motion challenging the forfeiture order, Mr. Keel makes two distinct claims for relief. First, he requests that the Court void the forfeiture amount, and second, he requests that the Court vacate his conviction on the grounds that his entry of a guilty plea was not knowing and voluntary. [DE 21]. The Court recognizes that Mr. Keel argues that his forfeiture motion is not a motion to vacate under 28 U.S.C. § 2255, but the only possible vehicle by which Mr. Keel could obtain the latter type of relief is via a motion to vacate under § 2255. *See, e.g., In re Jones*, 226 F.3d 328, 332–34 (4th Cir. 2000) (discussing the use of § 2255 to challenge the legality of a conviction); *United States v. Mazun*, 369 Fed. App'x 876, 878 (10th Cir. 2010) (unpublished) ("A challenge to one's conviction is the proper subject of a § 2255 motion . . . ."). It is "the longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their captions." *U.S. v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Accordingly, the Court will consider that portion of Mr. Keel's request—that the Court vacate his conviction as

unknowing and involuntary—as part of his § 2255 motion. Because Mr. Keel has a pending § 2255 on which he has confirmed he wishes to proceed, there is no need to give him notice that the Court intends to consider his request to vacate his conviction as part of the pending§ 2255.

I. FORFEITURE

Mr. Keel argues that he was never made aware of any required forfeiture amount prior to his entry of a guilty plea, thus the Court should declare its January 29, 2003, forfeiture order null and void. The indictment clearly advised Mr. Keel that the government would seek forfeiture of the $500,000. Mr. Keel also signed a plea agreement in which he agreed "to voluntarily forfeit and relinquish to the government the property specified in the indictment." [DE 8 at 3]. Moreover, Mr. Keel did not contest the government's motion for forfeiture, nor did he challenge his sentence or conviction in any way prior to the instant motion, eleven years after entry of the forfeiture judgment. Accordingly, there is no basis on which the Court could declare its forfeiture order null and void, and petitioner's motion is DENIED.

II. MOTION TO VACATE

Mr. Keel also challenges both his conviction (via his motion attacking the forfeiture) and his sentence. He alleges that his guilty plea was not entered knowingly and voluntarily because he was not made aware of the portions of the indictment and plea agreement that obligated him to forfeit $500,000 and that he was erroneously sentenced as a career offender pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). While petitioner bases his claim on *Simmons*, it appears that his argument is in fact based on *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). In *Davis*, the Fourth Circuit held that a consolidated sentence for separate robberies was a single sentence, precluding application of the career offender guideline. *Id.* at 219. Mr. Keel

3

argues that his prior convictions were formally consolidated for judgment and therefore he lacks the requisite predicate convictions for application of the career offender enhancement.

The government contends that the Court should dismiss petitioner's motion as untimely under 28 U.S.C. § 2255(f). A motion under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's motion is untimely under § 2255(f)(1). His judgment became final on or about May 2, 2003, the date on which his opportunity to file an appeal expired. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) ("Osborne was required to file his § 2255 within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review."). Given that Mr. Keel did not file his motion until 2014, it is untimely under § 2255(f)(1).

The motion also is not timely under any of the other limitation periods contained in § 2255(f). Mr. Keel points to no newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4). The Fourth Circuit's recent decision in *Whiteside v. United States*, No. 13–7152, 2014 WL 7245453 at *3, (4th Cir. Dec. 19, 2014) forecloses any argument that a subsequent court decision could qualify as new fact for purposes of motion to vacate a defendant's sentence. Section 2255(f)(2) is not applicable in this case, as no governmental action affected the timeliness of Mr. Keel's filing. Section 2255(f)(3) likewise does not make Mr.

4

Keel's petition timely because his claim did not rely on any right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Likewise, Mr. Keel has not proffered facts sufficient to satisfy the high threshold for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). In order to be eligible for such tolling, the movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although petitioner "claims that he was prevented from timely filing by the unfavorable precedent that would have governed his claim had he sued prior to *Simmons*," the *Whiteside* decision makes clear that nothing actually prevented Mr. Keel from filing his petition within the one-year statute of limitations. *Whiteside*, 2014 WL 7245453 at *4. Accordingly, equitable tolling is unavailable. As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Keel's petition as untimely filed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to void the forfeiture order [DE 21] is DENIED, respondent's motion to dismiss [DE 29] is GRANTED and petitioner's motion to vacate [DE 22] is DISMISSED. A certificate of appealability is DENIED.


SO ORDERED, this  2  day of February, 2015.


*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE